UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
FREEDOM MORTGAGE CORP.,                   :
                                          :
                Plaintiff,                :
                                          :           **REPORT AND**
        -against-                         :           **RECOMMENDATION**
                                          :           19 Civ. 3158 (RRM) (VMS)
ELVIRE CADET, JACQUES F. DORVIL,          :
DEP'T OF HOUS. PRES. & DEV., CAPITOL      :
ONE BANK (USA), N.A., NEW YORK CITY       :
ENVTL. CONTROL BD.,                       :
                                          :
                Defendants.               :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Freedom Mortgage Corporation (hereafter, "Plaintiff") commenced this foreclosure action against Elvire Cadet and Jacques F. Dorvil, and against defendant-lienholders Capitol One Bank (USA), N.A.; the New York City Department of Housing Preservation and Control; and the New York City Environmental Control Board (collectively, "Defendants"), concerning a piece of real property encumbered by a mortgage assigned to Plaintiff. Before the Court is Plaintiff's motion for a default judgment against Defendants. ECF No. 18. The undersigned respectfully recommends that the Court deny the default motion without prejudice for Plaintiff's failure provide evidence of compliance with New York Real Property Actions and Proceedings Law ("N.Y. R.P.A.P.L.") §§ 1304 and 1306.

**I.     Background**

The following facts are drawn from the docket and Plaintiff's amended complaint. ECF No. 10.

On January 9, 2015, Defendants Cadet and Dorvil, citizens of New York, executed a note (hereafter, "the Note") with Flagstar Bank in the amount of $510,581 plus interest. Id. ¶ 12. As

1

security for payment of the Note, Ms. Cadet and Mr. Dorvil executed a mortgage (hereafter, "the Mortgage") encumbering real property located at 240-32 149th Avenue, Rosedale, New York 11422 (hereafter, "the Property") in the same amount, which was recorded on January 16, 2015. Id. ¶¶ 1, 13. The Mortgage was assigned to Plaintiff, a New Jersey Corporation. Id. ¶¶ 2, 14. Defendants Capitol One Bank, a Virginia association; the New York City Department of Housing Preservation and Control; and the New York City Environmental Control Board are the holders of individual liens encumbering the Property, each of which is subject to and subordinate to Plaintiff's Mortgage. Id. ¶¶ 5-9.

Beginning on December 1, 2018, Ms. Cadet and Mr. Dorvil failed to make their scheduled payments due on the Note and Mortgage. Id. ¶ 15. The principal balance owed on the Note and Mortgage is $467,292.49, "together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure." Id. ¶ 16. Plaintiff states that it complied with the notice provisions of N.Y. R.P.A.P.L. §§ 1304 and 1306, without elaboration. Id. ¶ 18.

Plaintiff attached the following to the amended complaint: (1) a copy of the original Note, ECF No. 10 at 5-8 (pdf pagination); (2) a legal description of the Property, id. at 9; and (3) descriptions of the property interests held by Capitol One Bank, the New York City Department of Housing Preservation and Development and the New York City Environmental Control Board and copies of the associated liens, id. at 10-20.

Plaintiffs provided copies of the N.Y. R.P.A.P.L. § 1304 notices that it purportedly mailed to Ms. Cadet and Mr. Dorvil. ECF No. 20-7 at 16-17, 25-26, 34-35, 43-44 (pdf pagination). The address lines for the notices to Ms. Cadet and Mr. Dorvil list the Property. Id.

2

The provided copies of the § 1304 notices contain mailing labels at the headers, see, e.g., id. at 43, and some have the words "USPS CERTIFIED MAIL" printed at the top, see, e.g., id. at 34. Plaintiff also provided a copy of the 2015 recordation of the Mortgage, which lists Mr. Dorvil's address as 9302 Kings Highway, Apartment 5E, Rosedale, New York 11212. ECF No. 20-2 at 7 (pdf pagination).

II.     **Procedural History**

Plaintiff commenced this action on May 28, 2019. ECF No. 1. Plaintiff filed an amended complaint. ECF No. 10. Plaintiff's summonses against Defendants were returned executed. ECF Nos. 11-14. On September 7, 2019, the summons and amended complaint for Ms. Cadet were served at the Property, where they were given to "JOHN DOE (REFUSED NAME), CO-RESIDENT." ECF No. 14 at 1. The process server reported that he asked the co-resident whether the Property was Ms. Cadet's usual residence, and the co-resident replied in the affirmative. Id. Plaintiff mailed the summons and amended complaint by first-class mail to Ms. Cadet at the same address. Id.; see Fed. R. Civ. P. 4(e)(1); N.Y. C.P.L.R. § 308(2). On September 5, 2019, the summons and amended complaint for Mr. Dorvil were served at the Kings Highway address, where they were given to Ladege Dorvil, whom the process server identified as Mr. Dorvil's spouse. ECF No. 13 at 1. The process server stated that he asked Ladege Dorvil whether the Kings Highway address was Mr. Dorvil's usual dwelling, and Ladege Dorvil answered in the affirmative. Id. Plaintiff mailed the summons and amended complaint by first-class mail to Mr. Dorvil. Id.; see Fed. R. Civ. P. 4(e)(1); N.Y. C.P.L.R. § 308(2). Plaintiff timely filed proof of service for Ms. Cadet and Mr. Dorvil. ECF Nos. 13-14; see N.Y. C.P.L.R. § 308(2). Defendants did not answer or otherwise respond to the amended complaint.

3

Plaintiff requested certificates of default against Defendants, which the Clerk of Court entered. ECF Nos. 15-16. On November 12, 2019, Plaintiff filed the instant motion, along with a memorandum in support, a declaration in support and an affidavit of service of the motion papers. ECF Nos. 18-21. The affidavit of service stated that the motion papers were mailed to Ms. Cadet at the Property, while the motion papers for Mr. Dorvil were mailed to the Kings Highway address. ECF No. 21. Plaintiff attached the following to the declaration in support of the motion: (1) the original summons and complaint, ECF No. 20-1; (2) a certificate of merit pursuant to N.Y. C.P.L.R. § 3012-b and the Note and Mortgage, ECF No. 20-2; (3) a notice of pendency of action, ECF No. 20-3; (4) the amended complaint, ECF No. 20-4; (5) the affidavits of service of the summons and amended complaint, ECF No. 20-5; (6) Plaintiff's request for a certificate of default and the Clerk's entry of default, ECF No. 20-6; (7) an affidavit from Erica D. Tracy, Plaintiff's foreclosure specialist, ECF No. 20-7; (8) a statement of damages, ECF No. 20-8; and (9) the proposed default judgment of foreclosure and sale, ECF No. 20-9. In her declaration, Ms. Tracy stated that Plaintiff complied with N.Y. R.P.A.P.L. §§ 1304 and 1306, ECF No. 20-7 ¶¶ 6-7, and attached a copy of the § 1304 notice letters sent to Ms. Cadet and Mr. Dorvil, both of which were mailed to the Property, id. at 16-17, 25-26, 34-35, 43-44 (pdf pagination).

By Order dated November 14, 2019, the Court[1] directed Plaintiff to submit by December 5, 2019 "any written materials in support of its request for damages and attorneys' fees, including any affidavits, exhibits, or memoranda of law" that the Plaintiff wished to be considered; ordered Plaintiff to serve copies of all written materials on Defendants; ordered

---

[1] At the time, this matter was referred to Magistrate Judge James Orenstein. ECF Dkt. Entry 11/13/2019 Order. On October 6, 2022, the case was reassigned to the undersigned. ECF Dkt. Entry 10/6/2022 Order.

Plaintiff to provide proof of service of the Order on Defendants; and informed Defendants that they would have until December 12, 2019 to respond to Plaintiff's motion. ECF Dkt. Entry 11/14/2019 Order. Plaintiff timely filed proof of service of the Order on Defendants. ECF No. 22-23.

On September 11, 2020, the Court ordered that the case be administratively closed in light of the Federal Housing Administration's extended COVID-related foreclosure moratorium, without prejudice to reopen upon letter request within 30 days of the expiration of the moratorium. ECF No. 25. On July 2, 2021, Plaintiff moved to reopen the case because the moratorium had expired, which the Court granted. ECF Dkt. Entry 7/29/2021 Order.

Two of the Defendant-lienholders, the Department of Housing Preservation and Development and the Environmental Control Board, entered notices of appearance, but they did not file an answer or oppose this motion. ECF Nos. 26, 28.

### III. Discussion

#### a. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure, which governs motions for default judgment, provides for a two-step process. See Fed. R. Civ. P. 55; Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011). First, the moving party must obtain a certificate of default from the Clerk of the Court. See Fed. R. Civ. P. 55(a). Second, after a certificate of default is issued, the plaintiff may move for a default judgment. See id. The trial court has the "sound discretion" to grant or deny a motion for default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. Id. at 95-96 (recognizing "the responsibility

of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard"). The court must therefore ensure that (1) the plaintiff satisfied all required procedural steps in moving for default judgment, see E.D.N.Y. Local Civ. R. 55.2, and (2) the plaintiff's allegations, when accepted as true, establish liability as a matter of law, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

In considering a motion for default judgment, courts generally accept all well-pleaded factual allegations of liability. See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint."). "However, it is also true that a district court need not agree that the alleged facts constitute a valid cause of action." Mickalis Pawn Shop, 645 F.3d at 137. The court is obliged only to accept well-pleaded allegations of liability but is not required to credit "mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see Lamaka v. Russian Desserts Inc., No. 18 Civ. 7354 (ILG) (VMS), 2020 WL 42810, at *1 (E.D.N.Y. Jan. 3, 2020) (denying default judgment where plaintiff relied on "boilerplate, conclusory allegations").

### b. Sections 1304 And 1306

N.Y. R.P.A.P.L. § 1304 provides that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." N.Y. R.P.A.P.L. § 1304(1). The notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower,

6

and to the residence that is the subject of the mortgage." Id. § 1304(2). If the defendant's last known dwelling is a different address than the property subject to foreclosure, the plaintiff must send the notice to both addresses. See Windward Bora, LLC v. Thompson, No. 18 Civ. 1811 (NGG) (RML), 2020 WL 1242828, at *3 (E.D.N.Y. Mar. 16, 2020) ("Because [defendant] is alleged to reside at a different address than that of the [s]ubject [p]roperty, plaintiff was required to serve her with the 90-day notice at both addresses."). "'Proper service of [an] RPAPL [§] 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition.'" CIT Bank N.A. v. Schiffman, 999 F.3d 113, 116 (2d Cir. 2021) (hereafter, "Schiffman II") (alteration in original) (quoting Deutsche Bank Nat'l Tr. Co. v. Spanos, 102 A.D.3d 909, 910, 961 N.Y.S.2d 200, 202 (2d Dep't 2013)) (affirming grant of summary judgment where court concluded that plaintiff complied with §§ 1304 and 1306).

Courts in this Circuit have concluded that compliance with §§ 1304 and 1306 is not an affirmative defense, but, rather, a prerequisite that "the plaintiff has the burden of establishing." Schiffman II, 999 F.3d at 116; see Freedom Mortg. Corp. v. Monteleone, No. 19 Civ. 1410 (RJD) (SJB), 2022 WL 4274936, at *7 (E.D.N.Y. Sept. 15, 2022) (same, when considering a motion for default judgment); Wells Fargo Bank, N.A. v. Watts, No. 16 Civ. 6919 (ENV) (RER), 2020 WL 6370057, at *1 n.2 (E.D.N.Y. May 27, 2020), report & recommendation adopted, 2020 WL 5200903 (E.D.N.Y. Sept. 1, 2020) ("Both state and federal courts in New York have found that [p]roper service of a RPAPL § 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action and [p]laintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304.") (internal quotation marks omitted); Freedom Mortg. Corp. v. Bullock, No. 19 Civ. 664 (NGG) (SJB), 2022 WL 18299810, at *4 (E.D.N.Y. Mar. 11,

7

2022), report & recommendation adopted, 2022 WL 4445399 (E.D.N.Y. Sept. 23, 2022) (denying default judgment motion because N.Y. R.P.A.P.L. §§ 1304 and 1306 required plaintiff to offer evidence of compliance and plaintiff failed to do so). "[F]ailure to strictly comply with section 1304 'is a sufficient basis to deny foreclosure relief.'" Windward Bora LLC v. Armstrong, No. 18 Civ. 6355 (SJ) (SJB), 2021 WL 606713, at *5 (E.D.N.Y. Feb. 16, 2021) (quoting Miss Jones, LLC v. Viera, No. 18 Civ. 1398 (NGG) (SJB), 2020 WL 3002359, at *1 (E.D.N.Y. Jan. 29, 2020), report & recommendation adopted, 2020 WL 1527141 (E.D.N.Y. Mar. 31, 2020)) (order vacating certificate of default and denying motion for default judgment where defendant had meritorious defense that § 1304 notices were not properly mailed).

"[C]ourts in this district routinely review § 1304 compliance on motions for default judgment." Freedom Mortg. Corp. v. Powell, No. 18 Civ. 4265 (ENV) (CLP), 2020 WL 4932145, at *3 (E.D.N.Y. Aug. 24, 2020) (collecting cases). "[D]istricts courts have . . . considered [§§] 1304 and 1306 sua sponte in determining whether to enter default judgment." Bullock, 2022 WL 4445399, at *4 (collecting cases). On a default motion for foreclosure, a plaintiff must provide more than a "bare assertion" of compliance to satisfy the requirements of §§ 1304 and 1306. Id., at *3; see Powell, 2020 WL 4932145, at *4 (holding that, on a default motion for foreclosure, the plaintiff's mere assertion of compliance with § 1304 without factual support "is a legal conclusion and insufficient, on its own, to warrant default judgment"). Allegations in a sworn affidavit alone do not establish compliance with §§ 1304 and 1306. See Monteleone, 2022 WL 4274936, at *7 (denying default judgment motion where plaintiff claimed in a sworn affidavit to have complied with § 1304 but did not provide proof that it had mailed the notices to defendants); Bullock, 2022 WL 4445399, at *3 (denying default judgment motion where plaintiff provided an affidavit that alleged it had complied with §§ 1304 and 1306 but

8

failed to provide "the notices, mail receipts and copy of the filing webpage" proving compliance).

Compliance with N.Y. R.P.A.P.L. § 1304 can be "established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." CIT Bank N.A. v. Schiffman, 948 F.3d 529, 533 (2d Cir. 2020) (hereafter, "Schiffman I"), certifying questions to 36 N.Y.3d 550, 168 N.E.3d 1138 (N.Y. 2021) (quoting Citibank, N.A. v. Conti-Scheurer, 172 A.D.3d 17, 21, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)). Proof of actual mailings requires the plaintiff "definitively establish that the 90-day notice was indeed mailed" to the defendant. Wilmington Sav. Fund Soc'y, FSB v. White, No. 17 Civ. 2288 (RRM) (SIL), 2019 WL 4014842, at *5 (E.D.N.Y. May 28, 2019), report & recommendation adopted sub nom. Wilmington Sav. Fund Soc'y, FSB as Tr. for Carlsbad Funding Mortg. Tr. v. White, 2021 WL 2548971 (E.D.N.Y. June 22, 2021) (denying in part motion for summary judgment for lack of compliance with § 1304 where plaintiff had "not furnished any uncontroverted United States Postal Service records, such as certified mailing receipts or certificates of first-class mailing," but "relie[d] on copies of mailing labels") (internal quotation marks & citations omitted); see Monteleone, 2022 WL 4274936, at *7 (denying default judgment where the plaintiff claimed to have attached certified mailing receipts for § 1304 notices to an affidavit entered in support of a motion for default judgment but did not do so, and the plaintiff did not provide other proof of actual mailing); U.S. Bank, Nat'l Ass'n v. Zientek, 192 A.D.3d 1189, 1191, 146 N.Y.S.3d 169 (2d Dep't 2021) ("[A]lthough the envelopes accompanying the 90-day notices state 'First-Class Mail' and contain a bar code above a 20-digit number, the plaintiff failed to submit any receipt or

corresponding document proving that the notices were actually sent by first-class and certified mail[.]"); Wells Fargo Bank, N.A. v. Trupia, 150 A.D.3d 1049, 1050-51, 55 N.Y.S.3d 134 (2d Dep't 2017) (holding that a plaintiff did not comply with § 1304 where the affiant "did not aver that she was familiar with the plaintiff's mailing practices and procedures" and where certified mail receipt "contained no language indicating that it was issued by the United States Postal Service"). "In cases where [c]ourts have found [a] plaintiff[] compl[ied] with [Sections 1304 and 1306] on the basis of sworn affirmations, the relevant notices, mail receipts, and filings have been attached." Bullock, 2022 WL 4445399, at *3 n.2. "[F]ailure to attach the relevant notices, mailing receipts, and proof of filing suggests non-compliance, and requires the denial of [a] motion for default judgment." Id., at *3.

N.Y. R.P.A.P.L. § 1306 provides that "[e]ach lender, assignee or mortgage loan servicer shall file with the superintendent of financial services (superintendent) within three business days of the mailing of the notice" required by § 1304 "the information required by subdivision two of this section," an affirmative allegation as to compliance with which is "as a condition precedent" to a foreclosure proceeding. N.Y. R.P.A.P.L. § 1306(1). The § 1306 filing is made electronically and must include "at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." N.Y. R.P.A.P.L. § 1306(2). Failure to comply with the requirements of § 1306 is sufficient grounds to deny foreclosure. See Wilmington PT Corp. v. Gray, No. 19 Civ. 1675 (AMD) (JO), 2020 WL 7296858, at *3 (E.D.N.Y. Dec. 11, 2020) (denying motion for default judgment for failure to demonstrate compliance with N.Y. R.P.A.P.L. § 1306).

Plaintiff is on notice of these requirements from previous litigation. For example, in Freedom Mortg. Corp. v. Bullock, the court faced questions of compliance with §§ 1304 and 1306 similar to those raised in the present matter. See 2022 WL 18299810, at *3. In the motion for default judgment, the plaintiff claimed to have complied with § 1306 by filing with the superintendent. Id. The plaintiff alleged that it had attached proof of the filing to an affidavit in support of the motion for default judgment but had not done so. Id. The court concluded that "[t]his inexplicable failure to attach the relevant notices . . . and proof of filing" contradicted the plaintiff's allegations and "suggest[ed] non-compliance" with § 1306. Id. In addition, the court found that the plaintiff had mailed the § 1304 notice only to the real property that was the subject of the action, despite also mailing the default motion papers to a different last known address. Id. The plaintiff did not allege or provide other proof that the defendants' address had changed. Id. The court concluded that the failure to comply with §§ 1304 and 1306 "require[d] the denial of the motion for default judgment." Id. Despite the issuance of the Bullock decision in 2022, Plaintiff did not amend the motion papers in this case, which has similar defects.

### c. Plaintiff Has Not Complied With Sections 1304 And 1306

The amended complaint states that Plaintiff "has complied with the notice provision of . . . RPAPL Section 1304 and filed the information required by RPAPL Section 1306." ECF No. 10 ¶ 18. The N.Y. R.P.A.P.L. § 1304 notices are provided with Plaintiff's declaration in support of its default judgment motion. ECF No. 20-7 at 16-17, 25-26, 34-35, 43-44.

Section 1304 requires that notice be sent both "to the last known address of the borrower," and "to the residence that is the subject of the mortgage." N.Y. R.P.A.P.L. § 1304(2). Plaintiff alleges that the copies of the § 1304 notice letters for Ms. Cadet and Mr. Dorvil were

both mailed to the Property, and the addresses on the provided letters list the Property as the destination. ECF No. 20-7 at 16-17, 25-26, 34-35, 43-44. If sufficient evidence were provided, this would comply with one part of § 1304, mailing to the residence that is the subject of the mortgage. The summons, amended complaint and motion papers were delivered to Ms. Cadet at the Property, which is satisfactory. ECF Nos. 14, 21.

Service of the Section 1304 notice on Mr. Dorvil appears defective. The Court notes that the present motion papers were mailed, in compliance with Local Rule 55.2, to Mr. Dorvil at 9302 Kings Highway, Rosedale, New York. ECF No. 21; Local Rule 55.2(c). The 2015 recordation of the Mortgage, which Plaintiff provided, reflects that Mr. Dorvil's address at the time of recording was the Kings Highway address. ECF No. 20-2 at 7. Plaintiff delivered the summons and amended complaint to Mr. Dorvil at the same Kings Highway address. ECF No. 13. Plaintiff thus appears to be taking the position that the Kings Highway address was Mr. Dorvil's last known residence. Nonetheless, Plaintiff did not allege that it mailed the § 1304 notice to this address. See N.Y. R.P.A.P.L. § 1304(2); Windward Bora, 2020 WL 1242828, at *3. Plaintiff has not shown compliance with § 1304 by mail as to Mr. Dorvil.

Plaintiff did not provide the § 1306 notice with the motion. The affidavit from Ms. Tracy states that Plaintiff complied with § 1306 and that "[a] copy of the New York State Department of Financial Services 90-Day Pre-Foreclosure Filings website [was] attached" to the affidavit. ECF No. 20-7 ¶ 7. Neither the Tracy affidavit nor Plaintiff's declaration contains the purported copy of the filings website. This defect affects both Ms. Cadet and Mr. Dorvil.

Denial of the motion for default judgment is warranted here. Although it is true that the Court is obliged to credit Plaintiff's allegations in a motion for default judgment, this extends only to well-pleaded, non-conclusory allegations. See Cement & Concrete Workers, 699 F.3d at

234; Mickalis Pawn Shop, LLC, 645 F.3d at 137. Plaintiff's amended complaint provides only a bare assertion of compliance with §§ 1304 and 1306. Bullock, 2022 WL 18299810, at *3; see Powell, 2020 WL 4932145, at *4 (holding that a plaintiff's mere assertion of compliance with § 1304 without factual support "is a legal conclusion and insufficient, on its own, to warrant default judgment"). Plaintiff's alleged proof that it filed the § 1306 notice was not provided, and the § 1304 notice was mailed only to the Property and not to the address that Plaintiff now asserts is Mr. Dorvil's last known residence. See Bullock, 2022 WL 18299810, at *3.

In addition, Ms. Tracy claims in her affidavit that the "affiliated certified mailing receipt" for the § 1304 notices was attached to her affidavit. ECF No. 20-7 ¶ 6. The affidavit does not have a receipt attached. The § 1304 notices contain mailing labels at the headers, see, e.g., ECF No. 20-7 at 43, and some have the words "USPS CERTIFIED MAIL" printed at the top, see, e.g., id. at 34, but Plaintiff did not attach evidence that the notices were sent by "registered or certified mail and also by first-class mail" in compliance with N.Y. R.P.A.P.L. § 1304(2). Plaintiff has not provided the "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures." Schiffman I, 948 F.3d at 533 (internal quotation marks omitted); see Wilmington Sav. Fund, 2019 WL 4014842, at *5; Zientek, 192 A.D.3d at 1191; Monteleone, 2022 WL 4274936, at *7. Plaintiff has also not provided "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." Schiffman I, 948 F.3d at 533 (internal quotation marks omitted). Ms. Tracy's affidavit does not describe Plaintiff's standard mailing procedure or allege that it was followed in mailing the notices to Ms. Cadet and Mr. Dorvil. ECF No. 20-7. Ms. Tracy does not claim to have personal knowledge of the mailing

13

process.  Id.; see Trupia, 150 A.D.3d at 1050-51.  This omission of evidence of compliance with § 1304 mailing requirements is a reason to deny this motion.

It is possible that Plaintiff has complied with the requirements of N.Y. R.P.A.P.L. §§ 1304 and 1306, as it states.  The undersigned therefore respectfully recommends that Plaintiff be given an opportunity to file a renewed motion for a default judgment with, inter alia, proof of compliance that would satisfy §§ 1304 and 1306.  Although Plaintiff may have complied with §§ 1304 and 1306, the Court is unable to speculate as to that compliance; sufficient facts must be included on the record.  See Prescription Containers, Inc. v. Cabiles, No. 12 Civ. 4805 (CBA) (VMS), 2014 WL 1236919, at *6 (E.D.N.Y. Feb. 14, 2014), report & recommendation adopted, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014) ("It is not the duty of the [c]ourt to speculate as to whether a plaintiff has satisfied the procedural prerequisites for a default motion.").  In addition, lack of compliance with §§ 1304 and 1306 would be a meritorious defense that would justify vacatur of any default judgment granted at this juncture.  See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (holding that courts must consider "whether a meritorious defense is presented" when determining whether to set aside a party's default).  Given that any doubts as to granting a default judgment "should be resolved in favor of the defaulting party," Enron Oil, 10 F.3d at 96, the Court's doubts as to Plaintiff's sending the required notice warrant denial of the motion without prejudice, see Monteleone, 2022 WL 4274936, at *7 (denying default judgment because "compliance is a prerequisite to obtaining foreclosure against [d]efendants, and [plaintiff] has failed to demonstrate compliance").

IV. **Conclusion**

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice.  If Plaintiff can offer the requisite

14

evidence as to satisfying the conditions precedent discussed herein, Plaintiff may file a revised default motion within 30 days of the adoption of the report and recommendation, if it is adopted. If Plaintiff fails to file the motion timely, Plaintiff is to file a status letter instead.

V.      **Objections**

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (stating that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision") (internal citation & quotations omitted). The Court will mail copies of this report and recommendation to the following addresses of non-appearing Defendants: Elvire Cadet, 240-32 149th Ave., Rosedale, NY 11422; Jacques F. Dorvil, 9302 Kings Hwy., Apt. 5E, Rosedale, NY 11212; and Capitol One Bank (USA), N.A., 15000 Capital One Drive, Richmond, VA 23238.

Dated:  Brooklyn, New York
        March 10, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge