UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FREEDOM MORTGAGE CORPORATION,

                    Plaintiff,                      **MEMORANDUM AND ORDER**

    -against-                       19-CV-3158 (RRM) (VMS)

ELVIRE CADET, JACQUES F. DORVIL,
DEPARTMENT OF HOUSING
PRESERVATION& DEVELOPMENT,
CAPITAL ONE BANK (USA), N.A., and
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD,

                    Defendants.
------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

       In mid-November 2019, Freedom Mortgage Corporation ("FMC"), the plaintiff in this diversity action to foreclose on property located at 240-32 149th Avenue, Rosedale, New York (the "Property"), moved for a default judgment against Property owners, Elvire Cadet and Jacques F. Dorvil, and three entities with liens against the Property: the Department of Housing Preservation and Development; Capital One Bank (USA), N.A.; and the New York City Environmental Control Board.  On March 10, 2023, Magistrate Judge Vera M. Scanlon issued a report and recommendation (the "R&R"), in which she recommended that FMC's motion be denied without prejudice for failure to provide evidence of compliance with New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1304 and 1306.  FMC now objects to the R&R, arguing that noncompliance with these sections of the RPAPL is not a jurisdictional prerequisite but an affirmative defense that was waived by defendants' default.  For the reasons set forth below, the Court, having conducted a de novo review of those portions of the R&R to which FMC objects, adopts the R&R in its entirety.

1

**BACKGROUND**

The following facts are drawn from the amended complaint and, in light of defendants'

default, are assumed to be true.  On January 9, 2015, defendants Cadet and Dorvil, both citizens

of New York, executed a note ("the Note") promising to pay the amount of $510,581, plus

interest, to Flagstar Bank, FSB.  (Amended Complaint (Doc. No. 10) at ¶ 12 & Schedule A.)

Their promise to pay was secured by a mortgage (the "Mortgage") encumbering the Property.

(*Id.* at ¶¶ 1, 13.)  The Note and Mortgage were subsequently assigned to FMC, a New Jersey

corporation with its principal place of business in Mount Laurel, New Jersey.  (*Id.* at ¶¶ 2, 14.)

On December 1, 2018, and thereafter, Cadet and Dorvil failed to make payments in

accordance with the terms of the Note.  (*Id.* at ¶ 15.)  On May 28, 2019, FMC commenced this

diversity action against Cadet and Dorvil and three entities that held liens against the Property:

the Department of Housing Preservation and Development; Capital One Bank, N.A.; and the

New York City Environmental Control Board.  (Complaint (Doc. No. 1).)   According to FMC's

pleadings, Capital One Bank is a national association formed under the laws of Virginia with its

main office in Glen Allen, Virginia.  (Amended Complaint at ¶ 5.)  The other two lienholders are

agencies of the City of New York.  (*Id.* at ¶¶ 6, 7.)

After serving the lienholders with a summons and the original complaint, FMC amended

the complaint.  The amended complaint, like the original complaint, stated: "Plaintiff has

complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the

information required by RPAPL Section 1306."  (*Id.* at ¶ 18.)  Neither pleading contained any

further allegations regarding compliance with the RPAPL.

All five defendants were served with a summons and the amended complaint by

September 7, 2019.  (Affidavits of Service (Docs. No. 11–14).)   None of the defendants filed an

answer or otherwise responded to the amended complaint.  At FMC's request, the Clerk of Court entered a Certificate of Default as to all defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Doc. No. 16.)  FMC then filed the instant motion for a default judgment pursuant to Rule 55(b).  (Docs. No. 18–20.)

In support of that motion, FMC submitted, among other things, an affidavit from Erica D. Tracy, an employee who is familiar with its business records.  The Tracy Affidavit states that FMC complied with the requirements of RPAPL by sending a "90 day pre-foreclosure notice" via first-class and certified mail to both Cadet and Dorvil at the Property.  (Tracy Aff. (Doc. No. 20-7) at ¶ 6.)  The Tracy Affidavit attaches copies of those notices, dated January 21, 2019.  (*Id.* at 16–51.)[1]

The R&R

The Court assigned FMC's motion for a default judgment to the magistrate judge for a report and recommendation.  On March 10, 2023, Magistrate Judge Scanlon issued the R&R, recommending that the Court deny the motion without prejudice for failure provide evidence of compliance with RPAPL §§ 1304 and 1306.  The R&R provides that if FMC can provide such evidence, it "may file a revised default motion within 30 days of the adoption of the report and recommendation, if it is adopted."  (R&R at 14–15.)

The R&R implies, but does not explicitly state, that there is some authority for the proposition that noncompliance with RPAPL §§ 1304 and 1306 is an affirmative defense. However, the R&R cites numerous district court cases for the proposition that "Courts in this Circuit have concluded that compliance with §§ 1304 and 1306 is not an affirmative defense, but, rather, a prerequisite [to a foreclosure action] that 'the plaintiff has the burden of

---

[1] Since the exhibits to the Tracy Affidavit are neither labelled nor paginated, citations denote page numbers assigned by the Court's Electronic Case Filing system.

3

establishing.'"  (R&R at 7 (quoting *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021).)  The R&R then holds that FMC has not met its burden of establishing compliance with §§ 1304 and 1306.

RPAPL § 1304 is a "notice statute designed to aid the homeowner in attempting to avoid litigation." *Emigrant Bank v. Cohen*, 205 A.D.3d 103, 109 (N.Y. App. Div. 2d Dep't 2022).  It requires that "with regard to home loans, the lender or its assignee or servicer must provide notice to the homeowner of the default in payment, and warn that the homeowner is at risk of losing the home in a foreclosure proceeding." *Id.* at 108.  As the R&R notes, this statute requires that the 90-day notice be sent both "to the last known address of the borrower," and "to the residence that is the subject of the mortgage."  (R&R at 11 (citing RPAPL § 1304(2).)  The R&R points out that FMC served Dorvil with process at an address on Kings Highway, not at the Property, and served the motion for default judgment by mailing it to the Kings Highway address.  Reasoning that these actions implied that Dorvil's last known address was on Kings Highway, and noting that FMC sent Dorvil's 90-day notice to the Property, the R&R holds that FMC did not comply with the service requirements of § 1304(2).  In addition, the R&R notes that FMC "did not attach evidence that the notices were sent by 'registered or certified mail and also by first-class mail,'" as required by RPAPL § 1304(2).

The R&R also holds that FMC's submissions failed to establish its compliance with RPAPL §1306, which "provides as a precondition of a foreclosure action that a plaintiff must file the 'information required by [§ 1306(2)]' within three business days of mailing a § 1304 notice." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 535 (2d Cir. 2020) (quoting RPAPL § 1306(1)).  The R&R notes that the Tracy Affidavit claimed that "[a] copy of the New York State Department of Financial Services 90-Day Pre-Foreclosure Filings website [was] attached," (R&R at 12 (citing

4

Tracy Aff. at ¶ 7)), but that that document was never submitted.  Although the R&R acknowledges that the amended complaint alleges that FMC "has complied with the notice provision of … RPAPL Section 1304 and filed the information required by RPAPL Section 1306," (R&R at 11 (quoting Amended Complaint ¶ 18)), the R&R holds that the Court is not obliged to credit this conclusory allegation.  (R&R at 12–13).

<u>The Objection</u>

On March 23, 2023, FMC filed an objection to the R&R (the "Objection"), arguing that noncompliance with §§ 1304 and 1306 is an affirmative defense that should not have been raised sua sponte.  FMC principally relies on Appellate Division decisions holding that it is error to deny a motion for default judgment for failure to comply with § 1304.  (Objection (Doc. No. 30) at 3 (citing cases).)  Although it concedes that this Court is not bound to follow these Appellate Division decisions, FMC notes that the Second Circuit has ruled, in other contexts, that district courts should not raise nonjurisdictional defects sua sponte.  FMC then distinguishes some of the district court cases on which Judge Scanlon relies, arguing that the failure to comply with § 1304 was raised by the defendants in those case, and urges the Court to follow *U.S. Bank, N.A., as Trustee for RMAC Tr., Series 2016-CTT v. Kozikowski*, No. 19-CV-783 (DLI)(CLP), 2022 WL 4596753 (E.D.N.Y. Sept. 30, 2022), a case in which Judge Irizarry relied on Appellate Division precedents in holding that a plaintiff's compliance with RPAPL § 1304 should not be considered sua sponte in adjudicating a motion for default judgment.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72 provides that "[w]ithin 14 days after being served with a copy of [a magistrate judge's report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P.

72(b)(2).  Rule 72 further provides that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id.* 72(b)(3).  De novo review is required only with respect to those portions of the report and recommendation to which specific written objections are made.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).  "Those portions of a report and recommendation to which there are no specific reasoned objections are reviewed for clear error."  *Lima v. Napoli*, No. 19-CV-1699 (JMA) (ST), 2023 WL 2731689, at *1 (E.D.N.Y. Mar. 31, 2023) (citing *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008)).  After completing this review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

In this case, FMC timely filed the Objection 13 days after being served with the R&R. FMC's filing raises one specific objection:  that Judge Scanlon erred in requiring FMC to adduce evidence of compliance with RPAPL §§ 1304 and 1306.  FMC argues that noncompliance with these statutes is an affirmative defense and that FMC should not have to disprove a defense that was never raised by defendants, who have never answered or appeared in this action.

The Objection does not mention Rule 55 of the Federal Rules of Civil Procedure or case law relating to the entry of a default judgment in federal court.  Rather, it relies primarily on Appellate Division decisions relating to state-law procedures that govern the entry of default judgment in cases in New York State courts.  As discussed below, those procedures serve the same function as Rule 55, but are different in some important respects.

6

The New York State Procedure

The state-law procedure for obtaining a default judgment against a defendant based on the failure to answer or appear is summarized in several of the cases cited by FMC.  Under New York Civil Practice Law and Rules ("CPLR") § 3215(f), "a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default." *HSBC Bank USA, Nat'l Ass'n v. Diallo*, 190 A.D.3d 959, 960 (N.Y. App Div. 2d Dep't 2021) (quoting *L & Z Masonry Corp. v Mose*, 167 A.D.3d 728, 729 (N.Y. App Div. 2d Dep't 2018)).  "To defeat a facially sufficient CPLR 3215 motion, a defendant must show either that there was no default, or that [he or she] had a reasonable excuse for [his or her] delay and a potentially meritorious defense." *Id.* (quoting *Liberty County Mut. v Avenue I Med., P.C.*, 129 A.D.3d 783, 785 (N.Y. App Div. 2d Dep't 2015)) (alterations in *Diallo*).  However, a "defendant is generally precluded from raising any nonjurisdictional defense without first rebutting the prima facie showing of default … and obtaining leave to serve a late answer." *Id.* (internal quotation marks and citations omitted).  "This is true, even if the nonjurisdictional defense 'may be raised at any time.'" *Id.* (quoting *Flagstar Bank, FSB v Jambelli*, 140 A.D.3d 829, 830 (N.Y. App Div. 2d Dep't 2016)).

Under New York law, a plaintiff's failure to comply with RPAPL § 1304's notice requirements is a nonjurisdictional defense which may be raised at any time.  *See U.S. Bank Nat. Ass'n v. Carey*, 137 A.D.3d 894, 896  (N.Y. App Div. 2d Dep't 2016).  "The required notice is a condition precedent to the commencement of a foreclosure litigation involving home loans, *id.* at 109 (internal citations omitted), and RPAPL § 1302 requires that the complaint in a foreclosure proceeding initiated on a residential mortgage covering a one to four family dwelling contain an allegation that the plaintiff has complied with the provisions of RPAPL § 1304, *see* RPAPL §

1302(1)(b).  However, RPAPL § 1302 specifically provides that a violation of § 1304 shall be a defense in a foreclosure action.  *See* RPAPL § 1302(2).

The procedure for obtaining a default judgment in foreclosure actions is similar to the procedure summarized above.  RPAPL § 1321 provides that if "the defendant fails to answer within the time allowed," the court shall, upon motion of the plaintiff, either "ascertain and determine the amount due" or enter an order of reference, "direct[ing] a referee to compute the amount due to the plaintiff and to such of the defendants as are prior incumbrancers of the mortgaged premises, and to examine and report whether the mortgaged premises can be sold in parcels and, if the whole amount secured by the mortgage has not become due, to report the amount thereafter to become due."  RPAPL § 1321(1).  A plaintiff establishes its entitlement to an order of reference by submitting "the mortgage, the unpaid note, the complaint and other evidence setting forth the facts establishing the claim, an affidavit of an individual authorized to act on its behalf attesting to the default on the note, and evidence that the defendant failed to answer within the time allowed."  *U.S. Bank, N.A. v. Ashraf*, 171 A.D.3d 983, 983 (N.Y. App Div. 2d Dep't 2019) (citing *Citimortgage, Inc. v. Gill*, 165 A.D.3d 623, 623 (N.Y. App Div. 2d Dep't 2018); *Household Fin. Realty Corp of N.Y. v. Adeosun-Ayegbusi*, 156 A.D.3d 870, 871 (N.Y. App Div. 2d Dep't 2017)).  "To successfully oppose a facially adequate motion for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action."  *Id.* (citing *Aurora Loan Servs., LLC v. Movtady*, 165 A.D.3d 1025, 1026–1027 (N.Y. App Div. 2d Dep't 2018).  If a defendant fails to establish a reasonable excuse for the default, "it is unnecessary to consider whether she established the existence of a potentially meritorious

defense, including lack of standing or failure to comply with RPAPL [§] 1304." *Movtady*, 165 A.D.3d at 1027.

These state-law procedures do not permit a court to raise nonjurisdictional defenses sua sponte, as demonstrated by Appellate Division decisions cited in the Objection.  Three of the cases cited – *Flagstar Bank, FSB v. Jambelli*, 140 A.D.3d 829 (N.Y. App. Div. 2d Dep't 2016); *U.S. Bank Nat. Ass'n v. Carey*, 137 A.D.3d 894 (N.Y. App. Div. 2d Dep't 2016); and *Chase Home Fin., LLC v. Guido*, 189 A.D.3d 1339 (N.Y. App. Div. 2d Dep't 2020) – involved appeals from a Supreme Court order denying an unopposed motion for an order of reference pursuant to RPAPL § 1321 on the ground that the plaintiff failed to demonstrate that it had complied with the pre-foreclosure notice requirements of RPAPL § 1304.  In all three of these cases, the defendants had neither provided an excuse for their default nor raised any viable defenses in their pleadings or in response to the motion for an order of reference.  In each case, the Appellate Division held that it was error to require the plaintiff to disprove a defense that had not been raised.  *See Jambelli*, 140 A.D.3d at 830–31; *Carey*, 137 A.D.3d at 896; *Guido*, 189 A.D.3d at 1340.

In three other cases cited in the Objection, the Appellate Division rejected a defendant's attempt to raise a nonjurisdictional defense without first establishing a reasonable excuse for the default.  In *HSBC Bank USA, N.A. v. Diallo*, 190 A.D. 3d 959 (N.Y. App. Div. 2d Dep't 2021), and *PHH Mtge. Corp. v. Celestin*, 130 A.D. 3d 703 (N.Y. App. Div. 2d Dep't 2015), a defendant responded to the plaintiff's motion for default judgment and order of reference by filing a cross-motion raising nonjurisdictional defenses.  In both cases, the Appellate Division held that the defendant was precluded from raising the defense on procedural grounds.  *Diallo*, 190 A.D. 3d at 161 (holding that because the defendant failed to demonstrate a reasonable excuse for his default,

he was precluded from raising lack of standing); *Celestin*, 130 A.D. 3d at 704 (holding that since

the defendant failed to establish that he was entitled to an order vacating his default, he was

precluded from raising the plaintiff's alleged failure to comply with RPAPL § 1304 as a

defense).  Similarly, in *Wells Fargo Bank, N.A. v. Campbell*, 196 A.D.3d 726 (N.Y. App. Div. 2d

Dep't 2021), the Appellate Division held that a defendant was precluded from interposing

various nonjurisdictional defenses, including the plaintiff's failure to satisfy a condition

precedent, because she had failed to demonstrate that she should be relieved of the consequences

of her default.  *See id.* at 727.

       The Court is not bound to follow these Appellate Division cases.  This is not because the

Court is "not strictly bound" by the rulings of state intermediate appellate courts.  *Licci ex rel.*

*Licci v. Lebanese Canadian Bank, SAL,* 739 F.3d 45, 48 (2d Cir. 2013).  The Court

acknowledges that, in construing New York law, it is "bound … to apply the law as interpreted

by New York's intermediate appellate courts [absent] … persuasive evidence that the New York

Court of Appeals, which has not ruled on this issue, would reach a different conclusion." *AEI*

*Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 139 n.15 (2d Cir. 2018) (quoting *Pahuta v.*

*Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999)).  Rather, the Court is not required to

follow these decision because they are based on state-law procedures, which do not apply in this

case.

       "It is a long-recognized principle that federal courts sitting in diversity 'apply state

substantive law and federal procedural law.'"  *Shady Grove Orthopedic Assocs., P.A. v. Allstate*

*Ins. Co.*, 559 U.S. 393, 417 (2010) (Stevens, *J.*, concurring) (quoting *Hanna v. Plumer*, 380 U.S.

460, 465 (1965)); *see Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996)).

Accordingly, in determining whether to enter a default judgment in this case, the Court must

follow the federal procedures set forth in Rule 55 of the Federal Rules of Civil Procedure and the cases interpreting that rule, rather than CPLR § 1315 and RPAPL § 1321 and the cases interpreting those statutes. *See Plenitude Cap. LLC v. Utica Ventures, LLC*, No. 18-CV-2702 (MKB) (RER), 2020 WL 6255250, at *3 (E.D.N.Y. Oct. 23, 2020).

<u>Rule 55</u>

Rule 55 creates "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under this provision, "entry of a default is a 'ministerial' step to be performed by the clerk of court," *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order), and is "largely a formal matter." *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995).

After default is entered, a party may "apply to the court for a default judgment." Fed. R. Civ. P. 55(b). "The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 131 (2d Cir. 2011)). In determining whether to grant a default judgment, a court first examines the allegations of the complaint. "It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Vermont Teddy Bear Co. v. 1-800*

11

*Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)).  However, a defaulting party "admits only well-pleaded factual allegations; it does not admit conclusory allegations or legal conclusions." *E.A. Sween Co., Inc. v. A & M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (summary order) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).  "A default only establishes a defendant's liability if those [well-pleaded] allegations are sufficient to state a cause of action against the defendants."  *Gesualdi v. Quadrozzi Equip. Leasing Corp.*, 629 F. App'x 111, 113 (2d Cir. 2015) (summary order).  "[I]t [is] the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."  *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases).

Even if the plaintiff meets that burden, a court is not required to enter a default judgment. "Rather, the court *may*, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."  *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (emphasis added).  "In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it."  Court's Entry of a Default Judgment – Discretion, 10A Fed. Prac. & Proc. Civ. § 2685 (4th ed.).  Among those factors is whether the court "later would be obliged to set aside the default on defendant's motion, since it would be meaningless to enter the judgment if that decision meant that the court immediately would be required to take up the question of whether it should be set aside."  *Id.* Thus, in deciding whether to enter default judgment pursuant to Rule 55, district courts can "consider whether the entry of default would be set aside pursuant to Rule 55(c), had the defendant appeared and moved for such relief."  *Bullock*, 2022 WL 4445399, at *2 (citing cases).

12

Indeed, several district courts in this Circuit have stated that "a court deciding whether to enter default judgment should consider whether the entry of default would be set aside pursuant to Rule 55(c), had the defendant appeared and moved for such relief." *Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG) (SJB), 2022 WL 4445399, at *2 (E.D.N.Y. Sept. 23, 2022); *see James v. Arango*, No. 05-CV-2593 (TCP) (AKT), 2011 WL 1594832, at *8 (E.D.N.Y. Mar. 28, 2011) ("In determining whether to grant a default judgment … the Court is guided by the same factors which apply to a motion to set aside entry of a default."), *report and recommendation adopted in* 2011 WL 1627099 (E.D.N.Y. Apr. 27, 2011).

Rule 55(c) provides, in pertinent part, that: "For good cause shown the court may set aside an entry of default …." Fed. R. Civ. P. 55(c).  Rule 55(c) does not define the term "good cause," but the Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment … : (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citing cases).  District courts in this Circuit have examined these three factors in determining whether to grant a default judgment. *See, e.g.*, *Grp. One Ltd. v. GTE GmbH*, No. 20-CV-2205 (MKB) (JRC), 2022 WL 4010850, at *13 (E.D.N.Y. Sept. 2, 2022); *Randle v. AC Asset Servs. LLC*, No. 19-CV-1074 (LJV), 2020 WL 5757187, at *2 (W.D.N.Y. Sept. 28, 2020); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011).  And in assessing the third of the *Enron Oil* factors – whether a meritorious defense is presented – courts in this district routinely review § 1304 compliance on motions for default judgment." *Freedom Mortg. Corp. v. Powell*, No. 18-CV-4265 (ENV) (CLP), 2020 WL 4932145, at *3 (E.D.N.Y. Aug. 24, 2020) (citing cases); *see also Windward Bora, LLC v. Thompson*, No. 18-CV-1811

13

(NGG) (RML), 2020 WL 1242828, at *4 n.6 (E.D.N.Y. Mar. 16, 2020) ("[F]ederal courts sitting in New York regularly review compliance with RPAPL § 1304 in ruling on motions for default judgment in foreclosure cases.")

For these reasons, the Court concludes that Judge Scanlon did not err in considering whether FMC complied with RPAPL §§ 1304 and 1306 in this case.  Rule 55 gives federal courts the latitude to consider nonjurisdictional defenses, even if they have not been raised by the defendant.  Furthermore, a court is not actually acting sua sponte in considering the defense of noncompliance with RPAPL §§ 1304 and 1306 where, as here, the plaintiff's own motion for a default judgment raises the issue.  *See Freedom Mortg. Corp. v. Monteleone*, No. 19-CV-1410 (RJD) (SJB), 2022 WL 4274936, at *7 (E.D.N.Y. Sept. 15, 2022).  Although FMC now argues that it is unnecessary to prove compliance with RPAPL §§ 1304 and 1306 in order to obtain a default judgment in a case where the defendant never appeared and raised that defense, Plaintiff's Declaration in Support of the Motion for Default Judgment (Doc. No. 20) not only specifically alleged compliance with those statutes, (*id.* at ¶ 4), but provided evidence to establish that allegation, (Tracy Aff. at ¶ 6 & exhibits attached (Doc. No. 20-7, pp. 12–51)).  As the R&R points out, those submissions 1) suggest that FMC did not serve the RPAPL § 1304 notice at defendant Dorvil's last known address and 2) did not include the affidavit of compliance with RPAPL § 1306 that was referenced in the Tracy Affidavit.  Under these circumstances, Judge Scanlon was correct in demanding proof of compliance with RPAPL §§ 1304 and 1306.

The Court recognizes that there are several recent opinions from this district holding that a plaintiff is not required to affirmatively disprove the unpled defense of noncompliance with RPAPL § 1304 in order to obtain a default judgment.  *See Sec'y of U.S. Dep't of Hous. & Urb.*

14

*Dev. v. Robedee*, No. 22-CV-809 (FB) (JMW), 2022 WL 18284844, at *4 (E.D.N.Y. Dec. 5, 2022), *report and recommendation adopted*, No. 22-CV-809 (FB) (JMW), 2022 WL 17850116 (E.D.N.Y. Dec. 22, 2022); *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Kozikowski*, No. 19-CV-783 (DLI) (CLP), 2022 WL 4596753, at *5–6 (E.D.N.Y. Sept. 30, 2022); *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Rhodie as Co-Tr. of Lornice Rhodie Revocable Living Tr.*, No. 21-CV-3165 (KAM), 2022 WL 3213048, at *4 (E.D.N.Y. Aug. 9, 2022). These opinions rely on Appellate Division precedents which, as discussed above, are based on inapplicable state-law procedures. Accordingly, the Court finds them unpersuasive and sides with the many other district courts that have sua sponte considered compliance with RPAPL § 1304 in ruling on motions for default judgment.

## CONCLUSION

For the reasons set forth above, the Court adopts the R&R in its entirety. FMC's motion for a default judgment is denied without prejudice to filing a new motion that provides evidence of compliance with RPAPL §§ 1304 and 1306. FMC shall file the revised motion for a default judgment within 30 days of the date of this Memorandum and Order.

SO ORDERED.

Dated:  Brooklyn, New York
         September 29, 2023

*Roslyn R. Mauskopf*
ROSLYNN R. MAUSKOPF
United States District Judge